FILED
2017 Jun-23  AM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT 1

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>11<br>Date of Filing:<br>05/19/2017 | Judge Code: |

ELECTRONICALLY FILED
5/19/2017 4:12 PM
11-CV-2017-900291.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### DONNA ROBINSON ET AL v. USA TRUCK, INC. ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

GOL023

5/19/2017 4:12:23 PM
Date

/s/ DENNIS EUGENE GOLDASICH
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

ELECTRONICALLY FILED
6/8/2017 4:12 PM
11-CV-2017-900291.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT COURT OF
## CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **DONNA ROBINSON, individually**<br>**and as Mother and Next Friend of**<br>**ANIYAH ROBINSON, a minor**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**USA TRUCK, INC. and**<br>**STELLA LOPEZ,**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No. CV-2017- _____**

**JURY TRIAL DEMANDED**

**There may be other entities whose true identities are unknown to Plaintiffs at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by Plaintiffs when their true names and identities are accurately ascertained by further discovery. Until that time, Plaintiffs will designate these parties in accordance with ARCP 9(h).  The word "entity" is used to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity."  In the present action, the party defendants which Plaintiffs include by descriptive characterization are as follows:**

**Fictitious Defendant No. 1**, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity who or which owned, operated, inspected, maintained, loaned, provided, rented and/or controlled the vehicle which collided with the vehicle containing Aniyah Robinson and Donna Robinson on the date and occasion made the basis of this lawsuit;

**Fictitious Defendant No. 2**, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity who or which negligently and/or wantonly operated, inspected, maintained, and/or controlled the vehicle which collided with the vehicle containing Plaintiffs on the date and occasion made the basis of this lawsuit and whose negligent and/or wanton operation was the proximate cause of the injuries to Plaintiffs;

**Fictitious Defendant No. 3**, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity or successor in interest who or which jointly, separately, and/or severally negligently, wantonly, and/or wrongfully caused or contributed to cause injuries to Plaintiffs on the occasion made the basis of this lawsuit;

**Fictitious Defendant No.  4**, whether singular or plural, intending to refer to the true

name of that person, firm, corporation, or other entity or successor in interest who or which jointly, separately, and/or severally negligently, wantonly, and/or wrongfully caused or contributed to cause injuries to Plaintiffs on the occasion made the basis of this lawsuit;

**Fictitious Defendant No. 5**, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity who or which failed to adequately and properly train, educate, control, supervise and/or retain Stella Lopez and/or who or which failed to use and/or employ properly and adequately trained, educated, competent and experienced drivers in the operation of its vehicles and/or who or which neglected and entrusted Stella Lopez to operate and control the vehicle she was driving on the date of this accident.

**Fictitious Defendant No. 6**, The true and correct designation of the person, firm, corporation and/or entity known as or identified as "Stella Lopez" and/or USA Truck, Inc. or its/her successors in interest, heirs and/or assigns, or that person, firm, corporation, and/or entity which conducted activities attributed to the foregoing in the body of this Complaint.

**Fictitious Defendant No. 7**, The true and correct designation of the person, firm, corporation and/or entity known as or identified as "Defendants" its successors in interest, heirs and/or assigns, or that person, firm, corporation, and/or entity which conducted activities attributed to the foregoing in the body of this Complaint.

**Fictitious Defendant No. 8**, The true and correct designation of the person, firm, corporation and/or entity or its successors in interest, heirs and/or assigns, or that person, firm, corporation, and/or entity who or which caused the damages described or attributed to the foregoing in the body of this Complaint.

**Fictitious Defendant No. 9**, The true and correct designation of the person, firm, corporation and/or entity or its successors in interest, heirs and/or assigns, or that person, firm, corporation, and/or entity who or which wrongfully destroyed, hid, concealed, altered, and/or otherwise wrongfully tampered with material evidence.

**Plaintiffs avers that the identity of the fictitious party defendants herein are otherwise unknown to the Plaintiffs at this time or, if their names are known to the Plaintiffs at this time, their identity as proper party defendants is not known to the Plaintiffs at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.**

---

## COMPLAINT

---

COME NOW the Plaintiffs, DONNA ROBINSON, individually and as Mother and Next Friend of ANIYAH ROBINSON, a minor (collectively, "Plaintiffs"), and assert the

1

following claims and allegations against Defendants, STELLA LOPEZ and USA TRUCK, INC. In support of this Complaint, Plaintiffs state as follows:

## **PARTIES**

1.     Plaintiff DONNA ROBINSON is an adult over the age of nineteen years who is a United States citizen residing in Calhoun County, Alabama, and who at all times relevant and material to the acts, omissions, occurrences, and events made the basis of this Complaint was a resident of Calhoun County, Alabama.

2.     Plaintiff ANIYA ROBINSON is a United States citizen residing in Calhoun County, Alabama, and who at all times relevant and material to the acts, omissions, occurrences, and events made the basis of this Complaint was a resident of Calhoun County, Alabama. Plaintiff DONNA ROBINSON brings this action as Mother and Next Friend of ANIYAH ROBINSON, a minor.

3.     Defendant USA TRUCK, INC. (hereinafter "USA Truck") is, and at all times relevant and material to the acts, omissions, occurrences, and events made the basis of this Complaint was, a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 3200 Industrial Park Road, Van Buren, Arkansas 72956.

4.     Defendant STELLA LOPEZ (hereinafter "Lopez") is an adult over the age of nineteen years who is a United States citizen residing in Texas, and who, upon information and belief, at all times relevant and material to the acts, omissions, occurrences, and events made the basis of this Complaint was a resident of Texas. At all times relevant to the acts, omissions, occurrences, and events made the basis of this Complaint, Defendant Lopez was acting and/or operating as an agent, employee,

2

servant, representative, and/or affiliate of Defendant USA Truck, and was acting and/or operating within the line and scope of said agency, employment, servitude, representation, and/or affiliation when the incident(s) made the basis of this Complaint occurred on May 22, 2015 in Calhoun County, Alabama.

5.      Fictitious Party Defendants 1-9, as identified and described by their respective roles and/or functions in the caption of this Complaint (and incorporated herein as if set out in full) committed wrongful acts, which contributed to cause injuries and or damages to the Plaintiffs.  Plaintiffs aver that the identities of the fictitious party defendants herein are otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs, their identities as proper party defendants are not known to Plaintiffs at this time, and their true names and/or true identities will be substituted by amendment when ascertained.

## JURISDICTION AND VENUE

6.      This Court has proper jurisdiction over this matter as Plaintiffs' claims are solely brought under the common law and statutory law of the State of Alabama. Jurisdiction and venue are proper in the Circuit Court of Calhoun County, Alabama. The accident that is the basis of this lawsuit occurred in Calhoun County, Alabama, and Plaintiffs resided in Calhoun County at all times material to this Complaint.

## FACTUAL ALLEGATIONS

7.      On or about May 22, 2015, Aniya Robinson was driving eastbound on 22nd Street in Calhoun County, Alabama. Aniyah Robinson approached the intersection of 22nd Street and Quintard Avenue to turn left to travel northbound on Quintard Avenue.

3

8.      At the time of the incident in question, Aniyah Robinson had one (1) passenger traveling with her – her mother, Donna Robinson. Aniyah Robinson was driving the vehicle and Donna Robinson was seated in the front passenger seat of the vehicle.

9.      At the same time, Defendant Stella Lopez was driving a Freightliner tractor and semi-trailer southbound along Quintard Avenue when she ran a red light and/or failed to properly yield to other motorists at the intersection of 22nd Street and Quintard Avenue. As a result of her inattention, negligence, and/or wantonness, Defendant Lopez struck Aniyah Robinson's vehicle in the driver side.

10.     At all times relevant and material to this Complaint and the incident(s) in question, Defendant Lopez was driving a commercial carrier route for Defendant USA Truck, Inc. and was acting as an agent, employee, servant, representative, and/or affiliate of Defendant USA Truck, and was acting and/or operating within the line and scope of said agency, employment, servitude, representation, and/or affiliation.

11.     The police report generated as a result of the above-referenced collision records that Aniyah Robinson had the green traffic light and was attempting to make a left turn to travel northbound onto Quintard Avenue. Defendant Stella Lopez stated that she applied her brakes when she noticed her light turned red as she was traveling south on Quintard Avenue. The report further records that a witness was behind Aniyah Robinson's vehicle when the collision occurred and confirmed that Aniyah Robinson's light was green at the time of the collision.

12.     Defendant Lopez failed to accurately, properly, timely, appropriately, and/or reasonably assess, account for, and/or determine the conditions, facts, and/or

4

circumstances surrounding her and her vehicle as she approached the traffic light at the intersection of 22nd Street and Quintard Avenue, including, but not limited to, weather conditions, road conditions, distance from the vehicle(s) in front of her, and/or her rate of speed.

13.     Defendant Lopez failed to initiate and/or delayed the initiation of braking of the USA Truck tractor and semi-trailer that she was operating in a responsive, proper, appropriate, and/or timely manner as she approached the traffic light at the intersection of 22nd Street and Quintard Avenue.

14.     Defendant Lopez individually and acting as an agent, employee, servant, representative, and/or affiliate of Defendant USA Truck, and acting and/or operating within the line and scope of said agency, employment, servitude, representation, and/or affiliation is responsible for the above-referenced automobile collision.  As a direct and proximate result of the incident made the basis of this litigation, Plaintiffs have suffered and incurred severe and permanent injuries and/or damages.

## COUNT ONE
### (Negligence, Recklessness, and/or Wantonness)

15.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint as if set forth fully herein.

16.     On or about May 22, 2015, Plaintiffs Aniyah Robinson and Donna Robinson were severely and permanently injured in an automobile collision caused by Defendant Stella Lopez.

17.     Defendant Lopez, while acting and operating within the line and scope of her employment, agency, servitude, representation, and/or affiliation with Defendant

USA Truck, negligently and/or wantonly maintained and/or operated a motor vehicle in such a manner as to cause or allow Plaintiffs to be injured and damaged.

18.     Defendant Lopez is responsible for her negligent and/or wanton conduct. As a proximate result of Defendant Lopez's negligence and/or wantonness, Plaintiffs suffered severe and permanent injuries.

19.     Defendant Lopez, both individually and acting as an agent, employee, servant, representative, and/or employee of Defendant USA Truck, failed to discharge or perform a legal duty owed to the Plaintiffs.

20.     Defendant Lopez, while acting and operating within the line and scope of her employment, agency, servitude, representation, and/or affiliation with Defendant USA Truck was negligent and/or wanton and/or reckless included, but is not limited to, the following:

   a.   Defendant's failure to exercise reasonable care in the operation of the vehicle;

   b.   Defendant's operation of said vehicle in such negligent, wanton, and/or reckless fashion by causing and/or allowing her vehicle to illegally collide with Plaintiff's vehicle while in a proper mode of travel;

   c.   Defendant's failure to remain attentive to the roadway and traffic conditions;

   d.   Defendant's failure to obey the Rules of the Road in accordance with the laws of Alabama.

21.     At all times material to this Complaint, Defendant Lopez failed to exercise reasonable and/or ordinary care.

22.     At all times material to this Complaint, Defendant Lopez failed to exercise such care as a reasonably prudent person would have exercised under the same or similar circumstances, failed to do what a reasonably prudent person would have done

under the same or similar circumstances., and/or did something which a reasonably prudent person would not have done under the same or similar circumstances.

23.     Defendant Lopez both individually and acting as an agent, employee, servant, representative, and/or employee of Defendant USA Truck owed a duty to the Plaintiffs to exercise reasonable care (such care as a reasonably prudent person would have exercised under the same or similar circumstances) not to injure or damage the Plaintiffs. Defendant Lopez breached that duty to the Plaintiffs to exercise reasonable care and caused the injuries and/or damages described herein.

24.     The negligence and/or wantonness of Defendant Lopez combined and concurred with the wrongful conduct of all other named and/or fictitious defendants to proximately cause injuries and/or damages to Plaintiffs Aniyah Robinson and Donna Robinson.

25.     As a proximate result of the Defendants' negligence and/or wantonness, Plaintiff Aniya Robinson was caused to suffer the following injuries and/or damages:

    a.   Plaintiff was caused to suffer physical injury to her body, including but not limited to, her head, neck, shoulders, and back.

    b.   Plaintiff was caused to incur expenses for medicine, physician's fees, physical therapy fees, nursing services, and other related charges for health care, and will be caused to continue to incur such expenses in the future;

    c.   Plaintiff was caused to lose income and/or earning capacity and will be caused to lose income and/or earning capacity in the future;

    d.   Plaintiff experienced severe pain and suffering as a result of the incident and/or injuries and will be caused to continue to experience severe pain and suffering in the future;

    e.   Plaintiff experienced severe mental anguish and/or emotional distress from said incident and injuries and will be caused to continue

to experience severe mental anguish and/or emotional distress in the future;

    f.    Plaintiff has been permanently disabled and/or permanently impaired;

    g.    Plaintiff was caused to be unable to pursue many of her normal and usual activities and will continue to be unable to pursue many of her normal and usual activities in the future; and

    h.    Plaintiff was caused to incur various out-of-pocket expenses as a result of the conduct of the Defendant, and will be caused to incur such expenses in the future.

26.    As a proximate result of the Defendants' negligence and/or wantonness, Plaintiff Donna Robinson was caused to suffer the following injuries and/or damages:

    a.    Plaintiff was caused to suffer physical injury to her body, including but not limited to, her head, neck, shoulders, and back.

    b.    Plaintiff was caused to incur expenses for medicine, physician's fees, physical therapy fees, nursing services, and other related charges for health care, and will be caused to continue to incur such expenses in the future;

    c.    Plaintiff was caused to lose income and/or earning capacity and will be caused to lose income and/or earning capacity in the future;

    d.    Plaintiff experienced severe pain and suffering as a result of the incident and/or injuries and will be caused to continue to experience severe pain and suffering in the future;

    e.    Plaintiff experienced severe mental anguish and/or emotional distress from said incident and injuries and will be caused to continue to experience severe mental anguish and/or emotional distress in the future;

    f.    Plaintiff has been permanently disabled and/or permanently impaired;

    g.    Plaintiff was caused to be unable to pursue many of her normal and usual activities and will continue to be unable to pursue many of her normal and usual activities in the future; and

8

h.   Plaintiff was caused to incur various out-of-pocket expenses as a result of the conduct of the Defendant, and will be caused to incur such expenses in the future.

27.   Defendant Lopez, both individually and acting as an agent, employee, servant, representative, and/or employee of Defendant USA Truck, was negligent and/or wanton, and such negligence and/or wantonness combined and concurred with the actions of all other defendants, including Defendant USA Truck, to proximately cause the injuries to the Plaintiffs. Therefore, Defendant Lopez is directly liable to the Plaintiffs.  Moreover, Defendant USA Truck is vicariously liable for the conduct of Defendant Lopez.

28.   Defendant had knowledge of existing conditions and consciously acted or failed to act knowing that injury would likely or probably result. Defendant is liable for wanton conduct because she acted with reckless indifference to the consequences of her actions and consciously and/or intentionally committed the wrongful acts outlined above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants Lopez, USA Truck, and Fictitious Party Defendants 1-9 jointly and severally, for compensatory damages and punitive damages in amounts to be determined by a struck jury.  Plaintiffs further claim any and all other damages of any type or description allowable under Alabama law.

## <u>COUNT TWO</u>
**(Negligent/Wanton Hiring, Training, Supervision, Retention, and Entrustment)**

29.   Plaintiffs adopt and re-allege all prior paragraphs of this Complaint as if set forth fully herein.

30.     Defendant USA Truck negligently and/or wantonly hired, trained, supervised, and/or retained Defendant Lopez as a driver, employee, agent, servant, representative, and/or affiliate, and negligently and/or wantonly hired, trained, supervised, and/or retained the services of Defendant Lopez as operator of Defendant USA Truck's vehicle that was involved in the subject collision.

31.     Defendant USA Truck insufficiently, inadequately, and/or improperly trained and/or supervised Defendant Lopez.

32.     Defendant USA Truck failed to use reasonable care in the hiring, selection, and/or retention of Defendant Lopez as an agent, employee, servant, representative, and/or affiliate of Defendant USA Truck.

33.     Defendant USA Truck negligently and/or wantonly entrusted Defendant Lopez with the use of a tractor and double semi-trailer.

34.     Defendant USA Truck knew or should have known that Defendant Lopez was inexperienced, careless, reckless, incompetent, and/or unfit with regard to her position as a commercial carrier, commercial truck driver, and/or commercial hauler and operation of the subject USA Truck tractor and semi-trailer at all times relevant to the acts, occurrences, events, and omissions made the basis of this Complaint.

35.     Defendant USA Truck knew or should have known of the incompetency and/or unfitness of Defendant Lopez with regard to her job as a commercial carrier, commercial truck driver, and/or commercial hauler and operation of the subject USA Truck tractor and semi-trailer at all times relevant to the acts, occurrences, events, and omissions made the basis of this Complaint.

36.     Defendant USA Truck knew or should have known of the unreasonable risk(s) and/or danger(s) that it created and/or was creating to/for other drivers, persons, and/or vehicles on the roadway, including Aniyah Robinson and Donna Robinson, by negligently, wantonly, and/or recklessly hiring, retaining, training, and/or supervising Defendant Lopez because Defendant Lopez was incompetent and/or unfit to operate the USA Truck tractor and semi-trailer that was involved in the collision and impact on May 22, 2015.

37.     As a direct and/or proximate result of Defendant USA Truck's negligent and/or wanton hiring, training, supervision, retention, and/or entrustment with regard to Defendant Lopez, Aniyah Robinson was caused to suffer the damages and injuries specified in paragraphs 27(a) through 27(h) of this Complaint.

38.     As a direct and/or proximate result of Defendant USA Truck's negligent and/or wanton hiring, training, supervision, retention, and/or entrustment with regard to Defendant Lopez, Donna Robinson was caused to suffer the damages and injuries specified in paragraphs 28(a) through 28(h) of this Complaint.

39.     Plaintiffs seek and claim of Defendants Lopez and USA Truck compensatory and punitive damages, jointly and severally, for the injuries and damages specified in paragraphs 25(a) through 25(h) and paragraphs 26(a) through 26(h) of this Complaint due to the Defendants' said negligent, wanton, and/or reckless acts, omissions, and/or conduct as described above, including Defendant USA Truck's negligent, wanton, and/or reckless hiring, training, supervision, retention, and/or entrustment related to Defendant Lopez.

40.     The negligent, wanton, and/or reckless acts, omissions, and/or conduct of Defendants USA Truck and Lopez combined and concurred with the negligent, wanton, and/or reckless acts, omissions, and/or conduct of non-parties and/or third parties to cause or contribute to cause Aniya Robinson injuries and damages specified in paragraphs 25(a) through 25(h), and Donna Robinson injuries and damages specified in paragraphs 26(a) through 26(h) of this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants USA Truck and Lopez, jointly and severally, for compensatory damages, special damages, and punitive damages, plus interest and costs, in amounts to be determined by a struck jury, as well as such other damages as the Court and/or jury may award pursuant to Alabama law.

### COUNT THREE
### (Fictitious Party Defendants)

41.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint as if set forth fully herein.

42.     Plaintiffs further adopt and re-allege each and every material averment of Count I and Count II of this Complaint as if fully set out herein, with the exception that Plaintiff substitutes the words "Fictitious Defendants 1-9" for the named Defendants within said counts.

43.     Plaintiffs avers that the negligent and/or wanton conduct of Fictitious Defendants 1-9 combined and concurred with the negligent and/or wanton conduct of the named Defendants to proximately cause the damages and injuries suffered by the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against all named and Fictitious Party Defendants, jointly and severally, for compensatory damages and punitive damages in amounts to be determined by a struck jury.  Plaintiffs further claim any and all other damages of any type or description allowable under Alabama law.

## JURY DEMAND

**PLAINTIFFS DEMAND A STRUCK JURY FOR THE TRIAL OF THIS CASE.**

Respectfully submitted,

Dennis E. Goldasich, Jr. (GOL023)
Joshua M. Vick (VIC019)
*Counsel for the Plaintiff*

OF COUNSEL:

**GOLDASICH & ASSOCIATES, LLC**
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Phone: (205) 731-2566
Fax: (205) 731-9451
dennis@golaw.net
josh@golaw.net

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL, RETURN-RECEIPT REQUESTED, AS FOLLOWS:**

USA Truck, Inc.
c/o The Corporation Company
124 West Capital Avenue
Suite 1400
Little Rock, Arkansas 72201

Stella Lopez
620 North Hewitt Drive, Apt 69
Hewitt, Texas 76643

OF COUNSEL

ELECTRONICALLY FILED
6/5/2017 4:12 PM
11-CV-2017-900291.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF
## CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **DONNA ROBINSON, individually** ) | |
| **and as Mother and Next Friend of** ) | |
| **ANIYAH ROBINSON, a minor** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. CV-2017-** _____ |
| ) | |
| **USA TRUCK, INC. and** ) | |
| **STELLA LOPEZ,** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT USA TRUCK, INC.

COME NOW the Plaintiffs, DONNA ROBINSON, individually and as Mother and

Next Friend of ANIYAH ROBINSON, a minor (collectively, "Plaintiffs"), and  pursuant to

Alabama Rules of Civil Procedure 33 and 34, propounds the following Interrogatories and

Requests for Production to Defendant USA TRUCK, INC:

### INSTRUCTIONS

1.      You are under a duty to reasonably supplement or amend your responses

to several of these Interrogatories and Requests as required by Ala. R. Civ. P. 26(e).

2.      Each interrogatory shall be answered separately and fully in writing under

oath in accordance with Ala. R. Civ. P. 33(a).

3.      All documents or things responsive to a request set forth herein shall be

produced as they are kept in the usual course of business or organized and labeled to

correspond with the categories set forth in these requests as required by Ala. R. Civ. P.

34(b).

4.      With respect to any documents or things withheld by you due to a claim of

privilege or other objection, list for each such document or thing:

      a.     type of document or thing (e.g., memorandum, letter, etc.);
      b.     author(s);
      c.     recipient(s);
      d.     subject matter;
      e.     nature of privilege asserted or other objections;
      f.     the part of the document withheld; and
      g.     a description of the thing withheld.

5.     If any document or thing requested herein has been destroyed or otherwise disposed of, list for each such document or thing:

      a.     type of document or thing (e.g. letter, memorandum, etc.);
      b.     author(s);
      c.     recipient(s);
      d.     the approximate or actual date of the document;
      e.     subject matter;
      f.     the person who destroyed or otherwise disposed of the document or thing;
      g.     in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;
      h.     the date of destruction or disposition; and
      i.     the reason for destruction of disposition.

## **DEFINITIONS**

1.     "Person" or "persons" means any individual, corporation, partnership, limited liability company, unincorporated association, or other legal entity or form of organization or association.

2.     "You" or "your" means USA TRUCK, INC. in this action, its agents, officers, directors, employees, representatives, or other entities acting or purporting to act on its behalf.

3.     "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request or interrogatory any documents or

information that might otherwise be construed to be outside its scope.

4.     "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting, conversation, discussion, correspondence, or any other form of oral or written interchange.

5.     "Identify" has the following meanings in the following contexts:

    a.     when used with respect to a person, to provide that person's name, date of birth, address, home telephone number, work telephone number, employer, and place of employment;

    b.     when used with respect to a place or location, to provide the address, city, county, and state where that place is located;

    c.     when used with respect to a document or thing, to provide that document's or that thing's current location, author, recipient, subject matter, and date;

    d.     when used with respect to a transaction, occurrence, or act, to set forth the event or events constitution such a transaction, occurrence, or act, the location of the same, and the date and the person(s) participating in the same.

6.     The words "Document" or "Documents" are used to refer to the full scope of documents, writings, and other tangible things discoverable under Ala. R. Civ. P. 34, in whatever form and however and by whomever made. Please note that "document(s)" as so  defined include, but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or

copy: statements; reports; charts; graphs; bills; statements of account; agreements; communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; engineering reports and notebooks; plats; test results; plans; sketches or drawings; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information- containing paper, writing, or physical thing.

## **INTERROGATORIES**

1. Please describe fully and in detail the purpose of the trip(s) being made by Stella Lopez on May 22, 2017, including the location of departure, delivery schedule, delivery location, freight transported, expected delivery and/or shipment timeline, anticipated return timeline, and details of all stops made prior to the accident in question and the final intended destination of the vehicle.

   **Response:**


2. Please indicate whether Stella Lopez was performing a mission, errand, trip, transport, or duty for USA Truck, Inc. and/or was operating within the line and scope of employment with USA Truck, Inc. at all times related to the accident that forms the basis of this lawsuit.
   **Response**:


3. Please indicate whether USA Truck, Inc. contends that Plaintiff(s) was/were contributorily negligent, assumed the risk, or otherwise acted in any manner so as to cause or contribute to cause the accident on or about May 22, 2015 and if so, please state specifically and in detail each and every fact, circumstance, document, material, opinion, account, statement, thing, and piece of information upon which USA Truck, Inc. bases such contentions.

**Response**:


4.  Please describe fully and in detail each and every post-accident communication made to USA Truck, Inc. and/or anyone employed by USA Truck, Inc. on May 22, 2015, including the identity of all parties, substance of communications, duration of communications, method/form (telephone, dispatch, e-mail, etc.) of communications, and indicate whether such communications were recorded.

    **Response:**


5.  Please indicate and specifically describe each and every post-accident consultation, post-accident statement, post-accident review, post-accident investigation, post-accident examination, post-accident inquiry, post-accident communication and/or post-accident probe undertaken, conducted and/or administered by USA Truck, Inc. in this incident and identify the name and title of each and every USA Truck, Inc. employee and/or affiliate that was involved in any of the aforementioned activities.

    **Response:**


6.  Please list each and every post-accident video, post-accident test and/or post-accident training module administered to Stella Lopez after May 22, 2015 and describe the nature and purpose of each video, test and module.

    **Response:**


7.  Please describe specifically and in detail USA Truck, Inc.'s determination as to the cause of the accident that forms the basis of this lawsuit and describe chronologically the events that occurred leading up to the accident as determined by USA Truck, Inc.

    **Response:**


8.  Please state whether USA Truck, Inc. has determined that this accident was preventable and/or non-preventable, and describe the basis for such a determination and whether Stella Lopez's bonus and/or pay has been impacted by this determination.

    **Response:**


9.  Please list specifically and in detail (and without referring Plaintiff to Defendant's

document production) each and every known medication, known drug (legal or illegal), known narcotic, known steroid, known substance, known prescription and/or known treatment that was taken, consumed, administered, applied, used, held, maintained, possessed and/or kept by Stella Lopez while she has been an employee for USA Truck, Inc.

**Response:**

10. Please indicate specifically and in detail (and without referring Plaintiff to Defendant's document production) each and every known personal health condition, known health issue, known health impairment, known ailment, known illness, known sickness, known disease, known injury, known affliction, known disorder, known virus, known infection, known syndrome, known physical limitation, known mental limitation, and/or known disability pertaining to Stella Lopez while she has been an employee for USA Truck, Inc.

**Response:**

11. Please list each and every onboard communication system, driver messaging system, navigation program, GPS system, software program, logistics program, fleet management program, safety/event alert program, weather alert program, device alert system, SMS messaging system, vehicle intelligence program, routing program, freight tracking program, and/or fleet monitoring system utilized by USA Truck, Inc. to monitor and/or communicate with Stella Lopez and/or the tractor trailer being operated by her on May 22, 2015, and specifically indicate the vendor, model, version and edition (year) of all systems and/or programs.

**Response:**

12. Please list each and every onboard communication system, driver messaging system, navigation program, GPS system, software program, logistics program, fleet management program, safety/event alert program, weather alert program, device alert system, SMS messaging system, vehicle intelligence program, routing program, freight tracking program, and/or fleet monitoring system that was utilized by USA Truck, Inc. and that had the capability and/or functionality to notify Stella Lopez on May 22, 2015 of vehicle speed, weather forecast(s), inclement weather, oncoming traffic, traffic patterns, and any road advisories and/or alerts.

**Response:**

13. Please detail and specifically describe each and every weather and/or climate

alert, road condition alert, accident alert, traffic alert, SMS warning, dispatch alert, notification, alarm, message, notice, advisory, statement, and/or announcement that was provided to and/or communicated to Stella Lopez (including any device in her possession or control) from April 22, 2015 through May 22, 2015.

**<u>Response:</u>**

14. Please indicate each and every onboard communication device and recording device contained and/or housed in the tractor-tractor being operated by Stella Lopez on May 22, 2015, including, but not limited to, EDR (event data recorders), video recorders, audio recorders, dispatch transmitters, SMS communication devices, hand-held communication devices, affixed and/or removable tablets, cell-phones, onboard computers and/or speakers.

**<u>Response:</u>**

15. Please list each and every vehicular accident and/or collision (without referring Plaintiff to Defendant's document production) pertaining to Stella Lopez that was known to USA Truck, Inc. while Stella Lopez was an employee of USA Truck, Inc., and state the date, location, and description of incident for each known accident and/or accident

**<u>Response:</u>**

16. Please list each and every known moving traffic violation and/or citation issued to Stella Lopez, including, but not limited to, speeding, improper lane change, failure to use turning signal, and/or following too closely, and state the date, location, offense and disposition for each such known violation and/or citation.

**<u>Response:</u>**

17. Please identify each and every person known to USA Truck, Inc. that is a witness, has seen, has heard about, or otherwise has any knowledge whatsoever concerning this accident or any of the facts or circumstances alleged in the Plaintiffs' Complaint and specifically describe the substance of each person's respective knowledge as well as their postal address and telephone number.

**<u>Response:</u>**

18. Please identify and specifically describe each and every mechanical issue, mechanical problem, performed repair, identified need of repair, mechanical

replacement, part replacement, component replacement, and/or mechanical concern known to USA Truck, Inc. and concerning the 2011 Freightliner commercial truck involved in this accident for the time period of March 22, 2015 to May 22, 2015.

**Response:**

19. Please indicate and specifically describe Stella Lopez's annual compensation for fiscal year 2015, including, but not limited to, projected annual salary and/or gross compensation, methods and frequencies of payment, any flat rate pay, any hourly pay, any pay provided per mile, all payment incentive programs, compensation schedules, pay scales and/or bonuses.

**Response:**

20. Please state the name of the insurance company and/or carrier, the names of all individuals and vehicles insured, and the limits of each and every applicable insurance policy that were in effect regarding any claim resulting from this accident, including those claims and allegations contained in Plaintiff's Complaint.

**Response:**

## REQUESTS FOR PRODUCTION

1. Please produce a complete copy of each and every USA Truck, Inc. driver's handbook, drivers manual, safety manual and/or employee training manual in effect on May 22, 2015, including all tables of contents and appendices.

**Response:**

2. Please produce a complete copy of each and every photograph, drawing, image, film, video, and/or other depiction, however described or however named, whether in physical, digital, or some other form, of the accident scene and the truck(s), trailer(s), driver(s), and/or passenger(s) involved in this accident on May 22, 2015.

**Response:**

3. Please produce a complete copy of each and every statement made by Stella Lopez concerning this accident, including, but not limited to, all driver recordings, accident recordings, all post-accident recordings, all recorded telephone calls, all dispatch calls, all handwritten statements, all transcribed statements, all employee communicated statements, and all digital, electronic, and/or e-mail statements.

   **Response:**

4. Please produce a complete copy of each and every USA Truck, Inc. email, correspondence, transmission, memo, note, message, document, report, letter, mailing, and/or communication, in any medium, whether electronic or in tangible copy format, that relates to this accident.

   **Response:**

5. Please produce a complete copy of each and every email sent or received by any accident investigator (however named) and/or other employee or agent of USA Truck, Inc. that pertains to Stella Lopez, the accident that forms the basis of this lawsuit, and/or the factual findings and investigation of this accident.

   **Response:**

6. Please produce a complete copy of each and every document pertaining to chargeability decision(s), preventable/non-preventable decision(s), safety review decision(s), and preventable accident review(s), (including written request(s) for appeal) made subsequent to the May 22, 2015 accident involving Stella Lopez.

   **Response:**

7. Please produce a complete copy of the USA Truck, Inc. report of accident pertaining to the May 22, 2015 accident involving Stella Lopez.

   **Response:**

8. Please produce a complete copy of the post-accident interview form pertaining to the May 22, 2015 accident involving Stella Lopez.

   **Response:**

9. Please produce a complete copy of each and every "telephone report of accident" (however named or referenced) related to the May 22, 2015 accident involving Stella Lopez.

   **<u>Response</u>:**


10. Please produce a complete copy of each and every "employee interview report form" and "driver statement of accident" (however named or referenced) pertaining to the May 22, 2015 accident involving Stella Lopez.

    **<u>Response</u>:**


11. Please produce a complete copy of each and every diagram and/or depiction of the May 22, 2015 accident involving Stella Lopez, including but not limited to, all diagrams and/or depictions that are standalone graphics, drawings contained within a report of accident, or subparts to any ancillary post-accident document.

    **<u>Response</u>:**


12. Please produce a complete copy of each and every accident prevention and/or safety review video viewed by Stella Lopez subsequent to the May 22, 2015 accident.

    **<u>Response</u>:**


13. Please produce a complete copy of each and every video awareness form, training test, post-accident exam, accident prevention test, post-video exam, and/or post-video challenge administered, completed and/or undertaken by Stella Lopez subsequent to the May 22, 2015 accident.

    **<u>Response</u>:**


14. Please produce a complete copy of Stella Lopez's most recently completed Medical Examination Report for Commercial Driver Fitness Determination.

    **<u>Response</u>:**

15. Please produce a complete copy of each and every physical examination that was administered to Stella Lopez from January 1, 2014 to the present date.

**Response:**


16. Please produce a complete copy of each and every document that notates and/or references any prescription, medication, drug (legal or illegal), narcotic, steroid, and/or medical substance used and/or prescribed to Stella Lopez while at any time employed by USA Truck, Inc.

**Response:**


17. Please produce a complete copy of each and every FMCSR diabetes exemption program document maintained by USA Truck, Inc. for Stella Lopez, including, but not limited to, program applications, medical screening of diabetes guidelines, operating guidelines for drivers with diabetes, monitoring of diabetes guidelines and/or accountability standards for drivers with diabetes.

**Response:**


18. Please produce a complete copy of each and every post-accident blood, urine, and/or hair test conducted or performed on Stella Lopez.
**Response:**


19. Please produce a complete copy of each and every FMCSR § 391.27 record of violations, list of violations, and/or certificate of violations pertaining to Stella Lopez, for a ten (10) year period from January 2006 through December 2016.

**Response:**


20. Please produce a complete copy of each and every pre-trip inspection report on May 22, 2015 including those with Stella Lopez's signature and notations.

**Response:**


21. Please produce a complete copy of Stella Lopez's recorded Hours of Service (H.O.S.) from April 21, 2015 to May 22, 2015.

**Response:**

22. Please produce a complete copy of Stella Lopez's driver logs and/or logbooks from April 21, 2015 to May 22, 2015, including all retained duplicates, drafts, or revised submissions. If automatic onboard equipment and/or electronic logging devices (ELD's) were used in compilation of the driver logs and/or logbooks, please furnish a complete printed copy of these logs, including an accompanying audit trail of all edits, revisions and/or changes.

   **Response:**

23. Please produce a complete copy of each and every document reflecting or pertaining to Stella Lopez's record of duty status from May 17, 2015 through May 24, 2015.

   **Response:**

24. Please produce a complete copy of each and every document reflecting or pertaining to Stella Lopez's checkpoint records from May 17, 2015 through May 24, 2015.

   **Response:**

25. Please produce a complete copy of each and every fuel receipt and/or fuel charge incurred by Stella Lopez from May 17, 2015 through May 24, 2015.

   **Response:**

26. Please produce a complete copy of each and every toll ticket incurred by Stella Lopez from May 17, 2015 through May 24, 2015.

   **Response:**

27. Please produce a complete copy of each and every document that reflects or pertains to road expenses incurred by Stella Lopez from May 17, 2015 through May 24, 2015.

   **Response:**

28. Please produce a complete copy of each and every driver and/or employee training

and safety material provided to Stella Lopez by USA Truck, Inc., including, but not limited to, any training and safety manuals, handbooks, video tapes, maps, instructions, pamphlets, posters, regulations, statutes, rules, policies, procedures, protocols, bylaws, orders, standing orders, measures, and orientation documents, materials, and information.

**Response:**

29. Please produce a complete copy of each and every compensation plan, compensation schedule, pay scale, incentive program, employee motivation program, compensation package, and/or incentivized compensation system, however named, described or implemented by USA Truck, Inc., which pertained to and/or was applicable to Stella Lopez on May 22, 2015.

**Response:**

30. Please produce a complete copy of the driver qualification files for Stella Lopez (whether maintained internally by USA Truck, Inc. or by RAIRTech, RAIR Compliance Services, a third-party administrator, a web based system or software program) which should include, but is not limited to, violation summaries, vehicle inspection reports, driver qualification (DQ) reports, audit trails of changes and document images.

**Response:**

31. Please produce a complete copy of the user and/or operations manual for the specific RAIRTech/RAIR Compliance Services program, edition and version utilized by USA Truck, Inc. on May 21, 2015 and May 22, 2015.

**Response:**

32. Please produce complete copies (in color screen shot format) of the following information maintained by PeopleNet (whether in Fleet Manager or an ancillary PeopleNet application) for Stella Lopez from April 21, 2015 through May 22, 2015: all performance reports, management reports, SMS messages, alarms, alerts, speed monitoring data, over speed monitoring data, excessive speed monitoring data, engine monitoring data, fuel efficiency monitoring data, lane departure warnings, weather warnings, accident warnings, driver communications, tire pressure monitoring data, onboard camera video/audio data, active driver data, dispatch communications, dispatch messages, truck routing data, road mapping data, GPS directional data, and in-cab navigation data.

**Response**:

33. Please produce a complete copy of the user and/or operations manual for PeopleNet, covering each and every application (i.e. Fleet Manager), that was utilized by USA Truck, Inc. from April 21, 2015 through May 22, 2015.

   **Response**:

34. Please produce a complete copy of the access logs and audit trails from May 21, 2015 to the present date for all PeopleNet applications utilized by USA Truck, Inc. to monitor Stella Lopez, and/or the tractor-trailer being operated by Stella Lopez in this accident.

   **Response**:

35. Please produce complete copies of any and all data generated from an onboard computer system(s), including all files generated by that computer system (i.e. Qualcomm, Eaton Vorad) from April 21, 2015 to May 22, 2015.

   **Response**:

36. Please produce a complete copy of each and every record retention policy and/or data retention policy in effect at USA Truck, Inc. from A 2015 to the present date.

   **Response**:

37. Please produce a complete copy of each and every document that evidences, discusses, or pertains to any policy promulgated by USA Truck, Inc. that addresses driver alertness and ill or fatigued drivers as contemplated by 49 C.F.R. § 392.3.

   **Response**:

38. Please produce a complete copy of each and every document that evidences, discusses, or pertains to any policy promulgated by USA Truck, Inc. that addresses drugs or other substances as contemplated by 49 C.F.R. § 392.4.

   **Response**:

39. Please produce a complete copy of each and every document that evidences, discusses, or pertains to any policy promulgated by USA Truck, Inc. that addresses speed limit schedules as contemplated by 49 C.F.R. § 392.6.

   **Response:**

40. Please produce a complete copy of each and every document that evidences, discusses, or pertains to any policy promulgated by USA Truck, Inc. that addresses adverse driving conditions as contemplated by 49 C.F.R. § 395.2.

   **Response:**

41. Please produce complete copies of all insurance policies, both primary and excess, for the drivers, passengers, vehicles, and vehicle and/or truck owner(s) involved in the incident made the basis of this Complaint which occurred on or about May 22, 2015, including, but not limited to, policies covering Stella Lopez, USA Truck, Inc., the subject truck involved in the accident in question, and any policy of insurance which does or would provide coverage for the claims and allegations contained in Plaintiff's Complaint.

   **Response:**

                              Respectfully submitted,


                              Dennis E. Goldasich, Jr. (GOL023)
                              Joshua M. Vick (VIC019)
                              *Counsel for the Plaintiff*


OF COUNSEL:

**GOLDASICH & ASSOCIATES, LLC**
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Phone: (205) 731-2566
Fax: (205) 731-9451

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL, RETURN-RECEIPT REQUESTED, AS FOLLOWS:**

USA Truck, Inc.
c/o The Corporation Company
124 West Capital Avenue
Suite 1400
Little Rock, Arkansas 72201

Stella Lopez
620 North Hewitt Drive, Apt 69
Hewitt, Texas 76643

OF COUNSEL

ELECTRONICALLY FILED
5/15/2017 4:12 PM
11-CV-2017-900291.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF
## CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| **DONNA ROBINSON, individually** | ) | |
| **and as Mother and Next Friend of** | ) | |
| **ANIYAH ROBINSON, a minor** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CV-2017- _____** |
| | ) | |
| **USA TRUCK, INC. and** | ) | |
| **STELLA LOPEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT STELLA LOPEZ

COME NOW the Plaintiffs, DONNA ROBINSON, individually and as Mother and Next Friend of ANIYAH ROBINSON, a minor (collectively, "Plaintiffs"), and  pursuant to Alabama Rules of Civil Procedure 33 and 34, propounds the following Interrogatories and Requests for Production to Defendant STELLA LOPEZ:

### INSTRUCTIONS

1.    You are under a duty to reasonably supplement or amend your responses to several of these Interrogatories and Requests as required by Ala. R. Civ. P. 26(e).

2.    Each interrogatory shall be answered separately and fully in writing under oath in accordance with Ala. R. Civ. P. 33(a).

3.    All documents or things responsive to a request set forth herein shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in these requests as required by Ala. R. Civ. P. 34(b).

4.    With respect to any documents or things withheld by you due to a claim of

privilege or other objection, list for each such document or thing:

      a.    type of document or thing (e.g., memorandum, letter, etc.);
      b.    author(s);
      c.    recipient(s);
      d.    subject matter;
      e.    nature of privilege asserted or other objections;
      f.    the part of the document withheld; and
      g.    a description of the thing withheld.

5.    If any document or thing requested herein has been destroyed or otherwise

disposed of, list for each such document or thing:

      a.    type of document or thing (e.g. letter, memorandum, etc.);
      b.    author(s);
      c.    recipient(s);
      d.    the approximate or actual date of the document;
      e.    subject matter;
      f.    the person who destroyed or otherwise disposed of the document or thing;
      g.    in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;
      h.    the date of destruction or disposition; and
      i.    the reason for destruction of disposition.

## **DEFINITIONS**

1.    "Person" or "persons" means any individual, corporation, partnership,

limited liability company, unincorporated association, or other legal entity or form of

organization or association.

2.    "You" or "your" means STELLA LOPEZ in this action, her agents, officers,

directors, employees, representatives, or other entities acting or purporting to act on her

behalf.

3.    "And" as well as "or" shall be construed either conjunctively or disjunctively

so as to bring within the scope of the request or interrogatory any documents or

information that might otherwise be construed to be outside its scope.

4.    "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting, conversation, discussion, correspondence, or any other form of oral or written interchange.

5.    "Identify" has the following meanings in the following contexts:

a.    when used with respect to a person, to provide that person's name, date of birth, address, home telephone number, work telephone number, employer, and place of employment;

b.    when used with respect to a place or location, to provide the address, city, county, and state where that place is located;

c.    when used with respect to a document or thing, to provide that document's or that thing's current location, author, recipient, subject matter, and date;

d.    when used with respect to a transaction, occurrence, or act, to set forth the event or events constitution such a transaction, occurrence, or act, the location of the same, and the date and the person(s) participating in the same.

6.    The words "Document" or "Documents" are used to refer to the full scope of documents, writings, and other tangible things discoverable under Ala. R. Civ. P. 34, in whatever form and however and by whomever made. Please note that "document(s)" as so  defined include, but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or copy: statements; reports; charts; graphs; bills; statements of account; agreements;

communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; engineering reports and notebooks; plats; test results; plans; sketches or drawings; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information- containing paper, writing, or physical thing.

## **INTERROGATORIES**

1. Please indicate specifically and in detail each and every medication, drug (legal or illegal), narcotic, steroid, substance, prescription and/or treatment that was taken, consumed, administered, applied, used, held, maintained, possessed and/or kept by you on May 21, 2015 and May 22, 2015.

   **Response:**

2. Please list the name and postal address of all pharmacies that you used at any time beginning ten (10) years before May 22, 2015 and continuing through the present date.

   **Response:**

3. Please indicate specifically each and every personal health condition, health issue, impairment, ailment, illness, sickness, disease, injury, affliction, disorder, virus, infection, syndrome, physical limitation, mental limitation, and/or disability known to you and/or existing to you on May 21, 2015 and May 22, 2015.

   **Response:**

4. Please describe fully and completely your medical history for the last twenty (20) years indicating the nature and extent of all treatments given for each injury, illness, and/or disability and the name, date, and location of each medical provider

and/or physician rendering treatment.

**Response:**

5. According to your best judgment, please state the speed of the vehicle operated by you at the following points: 1000 feet from the point of impact; 800 feet from the point of impact; 400 feet from point of impact; 200 feet from point of impact; 50 feet from point of impact; 25 feet from the point of impact; and at the point of impact.

**Response:**

6. At the time of the accident in question, were you familiar with the road or segment or section of road or intersection involved in the occurrence made the basis of this lawsuit, and if so, please state how many times you had gone through or driven on the road or segment or section of road or intersection involved.

**Response:**

7. Please describe fully and in detail the weather conditions at the time of the accident made the basis of this lawsuit and indicate the approximate time and/or moment that you knew of, had awareness of, and/or experienced any inclement weather conditions, if such existed.

**Response:**

8. Please describe in your best judgment the distance of visibility available to you at the time of the accident in question.

**Response:**

9. Please state in detail everything you did in an attempt to avoid this accident.

**Response:**

10. Please indicate each and every vehicular accident and/or collision that you have been involved in, and state the date, location, and description of incident for each accident and/or collision.

**Response:**

11. Please indicate each and every moving traffic violation and/or citation issued to

you, including, but not limited to, speeding, improper lane change, failure to use turning signal, and/or following too closely, and state the date, location, offense and disposition for each such violation and/or citation.

**<u>Response</u>:**

12. Please indicate the name, address and telephone number of each and every party that you communicated with one (1) hour before the collision that makes the basis of this lawsuit and within three (3) hours after the accident made the basis of this lawsuit, and specifically describe the substance of all phone calls, satellite calls, text messages, pages, dispatch communications, radio calls, and/or radio contact made or received.

**<u>Response</u>:**

13. Please detail and specifically describe the content of any and all statements (whether written, taped, transcribed, other otherwise recorded) that you have made and that in any manner relate to or concerning this accident and/or the allegations in the Complaint and for each statement indicate when and where the statement was made, the method of recording and who was present.

**<u>Response</u>:**

14. Please identify each and every person known to you that is a witness, has seen, has heard about, or otherwise has any knowledge whatsoever concerning this accident or any of the facts or circumstances alleged in the Plaintiff's Complaint and specifically describe the substance of each person's respective knowledge as well as their postal address and telephone number.

**<u>Response</u>:**

15. Please list each and every onboard navigation system, navigation program, GPS system, fleet management program, driver communication system, SMS communication system, dispatching system, communication program, vehicle intelligence program, routing program, alert system, freight tracking program, driver monitoring system, software system, and/or communication device, whether onboard, wireless, or handheld, that was provided to you, utilized by you and/or available to you to on May 21, 2015 and May 22, 2015.

**<u>Response</u>:**

16. Please detail and specifically describe each and every warning, alert, notification,

alarm, message, notice, advisory, statement and/or announcement received by you from any onboard driver messaging system, software program, PeopleNet program, fleet management program, safety event alert program, weather alert program, device alert system, SMS messaging system, and/or fleet management system for the twenty-four (24) hour period preceding the time of your collision on May 22, 2015.

**Response:**

17. Please indicate and specifically describe each and every post-accident communication, post-accident consultation, post-accident statement, post-accident review, post-accident investigation, post-accident examination, post-accident inquiry, and/or post-accident probe undertaken, conducted and/or administered by USA Truck, Inc. concerning you in this incident and identify the name and title of each and every USA Truck, Inc. employee and/or affiliate that conducted and/or administered any of the aforementioned actions to you.

**Response:**

18. Please identify and specifically describe each and every mechanical issue, mechanical problem, performed repair, identified need of repair, mechanical replacement, part replacement, component replacement, and/or mechanical concern known to you and relating to the 201 Freightliner commercial truck involved in this collision for the following time period:  April 21, 2015 to May 22, 2015.

**Response:**

19. Please indicate and specifically describe your annual compensation for fiscal year 2015, including, but not limited to, projected annual salary and/or compensation from USA Truck, Inc., methods and frequencies of payment, any flat rate pay, any hourly pay, any pay provided per mile, all payment incentive programs, compensation schedules, and/or pay scales, all bonuses, and all income derived from any other source.

**Response:**

20. Please state whether USA Truck, Inc. has notified you that this accident has been deemed and/or decided to be preventable and/or non-preventable, and describe in detail whether your bonus and/or pay has been impacted by this determination.

**Response:**

21. Please state the name of the insurance company and/or carrier, the names of all individuals and vehicles insured, and the limits of each and every applicable insurance policy that were in effect regarding any claim resulting from this accident, including those claims and allegations contained in Plaintiff's Complaint.

    **Response:**


## REQUESTS FOR PRODUCTION

1. Please produce copies of any and all photographs, drawings, images, films, videos, and/or other depictions, however described or however named, whether in physical, digital, or some other form, of the accident scene and the truck(s), trailer(s), driver(s), and/or passenger(s) involved in this accident.

   **Response:**


2. Please produce a complete copy of each and every statement made by you concerning this collision, including, but not limited to, all driver recordings, accident recordings, all post-accident recordings, all recorded telephone calls, all dispatch calls, all handwritten statements, all transcribed statements, all typed statements, all employee communicated statements, and all digital, electronic, and/or e-mail statements.

   **Response:**


3. Please produce a complete copy of each and every email, correspondence, transmission, memo, note, message, document, report, letter, mailing, and/or communication, in any medium, whether electronic or in tangible copy format, that you have sent to USA Truck, Inc., and/or any employee of USA Truck, Inc. concerning this collision.

   **Response:**


4. Please produce a complete copy of your cell phone record(s) from April 21, 2015 through May 22, 2015, including but not limited to, all inbound and outbound call histories, call summaries, text messaging histories, web histories, browser histories, mobile e-mail histories, instant messaging histories, and data usage summaries.

   **Response:**

5.  Please produce complete copies of your income tax returns, state and federal, and attachments (including W-2 forms), schedules and amendments thereto, for the following years, 2010, 2011, 2012, 2013, 2014 and 2015.

    **<u>Response</u>:**

6.  Please produce a complete copy of any and all bank statements, credit card statements, checking statements, debit card statements and/or business card statements for the following time period: April 21, 2015 through May 22, 2015.

    **<u>Response</u>:**

7.  Please produce complete copies of all FMCSR § 391.27 records of violations, lists of violations, and/or certificates of violations that you have provided and furnished to any employer(s) for the ten (10) year period between 2006 and 2016.

    **<u>Response</u>:**

8.  Please produce a complete copy of a pre-trip inspection reports for May 21, 2015 and May 22, 2015 including your signature and notations

    **<u>Response</u>:**

9.  Please produce a complete copy of your recorded Hours of Service (H.O.S.) from April 21, 2015 to May 22, 2015.

    **<u>Response</u>:**

10. Please produce a complete copy of your driver logs and/or logbooks from April 21, 2015 to May 22, 2015, including any retained duplicates, drafts, or revised submissions. If automatic onboard equipment and/or electronic logging devices (ELD's) were used by you in compilation of the driver logs and/or logbooks, please furnish a complete printed copy of these logs from April 21, 2015 to May 22, 2015.

    **<u>Response</u>:**

11. Please produce a complete copy of each and every document pertaining to a chargeability decision, preventable/non-preventable decision, safety review decision, and/or preventable accident review, (including written requests for appeal) that have been provided to you by USA Truck, Inc. and/or have been submitted by you and which related to this collision and event.

   **Response:**

12. Please produce complete copies of all driver and employee training and safety materials which were provided to you by USA Truck, Inc. including, but not limited to, training and safety manuals, handbooks, video tapes, maps, instructions, pamphlets, posters, regulations, statutes, rules, policies, procedures, protocols, bylaws, orders, standing orders, measures, and orientation documents, materials, and information.

   **Response:**

13. Please produce all copies of all pharmacy records, written prescriptions, filled prescriptions, prescription bottles, and prescription packaging which have been provided to you or anyone acting on your behalf for ten (10) years preceding the present date.

   **Response:**

14. Please produce any and all journals, diaries or documents of any kind kept or maintained by plaintiff regarding the incident made the basis of this lawsuit.

   **Response:**

15. Please produce complete copies of all insurance policies, both primary and excess, for the drivers, passengers, vehicles, and vehicle and/or truck owner(s) involved in the incident made the basis of this Complaint which occurred on or about May 22, 2015, including, but not limited to, policies covering Stella Lopez (however named), USA Truck, Inc., the subject truck involved in the accident in question, and any policy of insurance which does or would provide coverage for the claims and allegations contained in Plaintiff's Complaint.

   **Response:**

16. Please produce any and all documents, exhibits, illustrations, and evidentiary submissions that this Defendant may use at trial.

**Response:**


17. Please produce any and all curriculum vitae of this Defendant's expert witnesses.

**Response:**


18. Please produce any and all documents (including, without limitation, all invoices, bills, receipts, canceled checks, contracts, agreements, correspondence, communications, notes, etc.) that relate to or concern your expert's fees and expenses from work in this case.

**Response:**


19. Please produce any and all documents (including, without limitation, all correspondence, e-mails, reports, bills, notes, memoranda, data, logs, codes, standards, rules, regulations, customs or other publications, or other writings, whether contained in computer or paper) that you or anyone acting on your behalf has received from or provided to your expert witness(es).

**Response:**

Respectfully submitted,

Dennis E. Goldasich, Jr. (GOL023)
Joshua M. Vick (VIC019)
*Counsel for the Plaintiff*


OF COUNSEL:

**GOLDASICH & ASSOCIATES, LLC**
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Phone: (205) 731-2566
Fax: (205) 731-9451

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL, RETURN-RECEIPT REQUESTED, AS FOLLOWS:**

USA Truck, Inc.
c/o The Corporation Company
124 West Capital Avenue
Suite 1400
Little Rock, Arkansas 72201

Stella Lopez
620 North Hewitt Drive, Apt 69
Hewitt, Texas 76643

OF COUNSEL



AlaFile E-Notice

11-CV-2017-900291.00

To:  DENNIS EUGENE GOLDASICH
     dennis@golaw.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA ROBINSON ET AL V. USA TRUCK, INC. ET AL
11-CV-2017-900291.00

The following complaint was FILED on 5/19/2017 4:12:37 PM

Notice Date:     5/19/2017 4:12:37 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2017-900291.00

To:  USA TRUCK, INC.
     C/O THE CORPORATION CO.
     124 W. CAPITAL AVE, #1400
     LITTLE ROCK, AR, 72201

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA ROBINSON ET AL V. USA TRUCK, INC. ET AL
11-CV-2017-900291.00

The following complaint was FILED on 5/19/2017 4:12:37 PM

Notice Date:      5/19/2017 4:12:37 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2017-900291.00

To:   STELLA LOPEZ
      620 N. HEWITT DRIVE
      APT. 69
      HEWITT, TX, 76643

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA ROBINSON ET AL V. USA TRUCK, INC. ET AL
11-CV-2017-900291.00

The following complaint was FILED on 5/19/2017 4:12:37 PM

Notice Date:     5/19/2017 4:12:37 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>11-CV-2017-900291.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### DONNA ROBINSON ET AL V. USA TRUCK, INC. ET AL

**NOTICE TO:** USA TRUCK, INC., C/O THE CORPORATION CO. 124 W. CAPITAL AVE, #1400, LITTLE ROCK, AR 72201

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DENNIS EUGENE GOLDASICH                                                                                                ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2100 3rd Avenue North, Suite 700, BIRMINGHAM, AL 35203                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DONNA ROBINSON pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 5/19/2017 4:12:37 PM | /s/ KIM MCCARSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ DENNIS EUGENE GOLDASICH

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                        .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____ .

*(Date)*

_____        _____

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>11-CV-2017-900291.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA**
**DONNA ROBINSON ET AL V. USA TRUCK, INC. ET AL**

**NOTICE TO:** STELLA LOPEZ, 620 N. HEWITT DRIVE APT. 69, HEWITT, TX 76643
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
DENNIS EUGENE GOLDASICH                                                                    ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2100 3rd Avenue North, Suite 700, BIRMINGHAM, AL 35203                        .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

<strong>TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:</strong>

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
   this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DONNA ROBINSON
   pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 5/19/2017 4:12:37 PM | /s/ KIM MCCARSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ DENNIS EUGENE GOLDASICH
*(Plaintiff's/Attorney's Signature)*

<strong>RETURN ON SERVICE</strong>

☐ Return receipt of certified mail received in this office on                                    .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____.
*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |



AlaFile E-Notice

11-CV-2017-900291.00

Judge: DEBRA H JONES

To:  GOLDASICH DENNIS EUGENE J
dennis@golaw.net

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA ROBINSON ET AL V. USA TRUCK, INC. ET AL
11-CV-2017-900291.00

The following matter was served on 5/25/2017

**D001 USA TRUCK, INC.**

**Corresponding To**

CERTIFIED MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



**AlaFile E-Notice**

11-CV-2017-900291.00

Judge: DEBRA H JONES

To:  VICK JOSHUA MICHAEL
2100 3RD AVE N STE 700
BIRMINGHAM, AL, 35203-3389

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA ROBINSON ET AL V. USA TRUCK, INC. ET AL
11-CV-2017-900291.00

The following matter was served on 5/25/2017

**D001 USA TRUCK, INC.**

**Corresponding To**

CERTIFIED MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CV17-400241

USA TRUCK INC. 2001
C/O THE CORPORATION CO
124 W. CAPITAL AVE. #1900
LITTLE ROCK, AR 72201

9590 9402 2690 6351 1802 54

2. Article Number *(Transfer from service label)*

7017 0530 0000 1112 5414

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  CT CORPORATION    ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

SUITE 1900

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

USPS TRACKING #

United States
Postal Service

9590 9402 2690 6351 1802 54

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Kim McCarson
Circuit Clerk of Calhoun County
300 Calhoun County Courthouse
25 West 11th Street
Anniston, AL 36201



AlaFile E-Notice

11-CV-2017-900291.00

Judge: DEBRA H JONES

To:   GOLDASICH DENNIS EUGENE J
dennis@golaw.net

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA ROBINSON ET AL V. USA TRUCK, INC. ET AL
11-CV-2017-900291.00

The following matter was not served on 6/6/2017

D002 LOPEZ STELLA
Corresponding To
UNCLAIMED CERT MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



**AlaFile E-Notice**

11-CV-2017-900291.00

Judge: DEBRA H JONES

To:  VICK JOSHUA MICHAEL
2100 3RD AVE N STE 700
BIRMINGHAM, AL, 35203-3389

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

DONNA ROBINSON ET AL V. USA TRUCK, INC. ET AL
11-CV-2017-900291.00

The following matter was not served on 6/6/2017

D002 LOPEZ STELLA
Corresponding To
UNCLAIMED CERT MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

Kim McCarson
Circuit Clerk of Calhoun County
300 Calhoun County Courthouse
25 West 11th Street
Anniston, AL 36201

7017 0530 0000 1112 5421

CERTIFIED MAIL



NIXIE       731 DE 1         0006/03/17

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 36201455599   *2326N154144-01814*

STELLA LOPEZ
620 N. HEWITT DRIVE
APT. 69
HEWITT, TX 76643

FILED
JUN 06 2017
Kim McCARSON, CLERK

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STELLA LOPEZ
620 N. HEWITT DRIVE
APT. 69 9007
HEWITT, TX 76643

CMI1-902761

9590 9402 2690 6351 1802 61

2. Article Number (Transfer from service label)

7017 0520 0000 1111 5421

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery